John F. Olsen, Esq. (157465)
jolsen@FIPLawGroup.com
FERDINAND IP, LLP
2500 Broadway, Building F, Suite F-125
Santa Monica, CA 90404
Phone: (858) 412-4515

*Counsel for Plaintiff,*
*Fashion Nova, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASHION NOVA, LLC, a California limited liability company,<br><br>               Plaintiff,<br><br>    - against -<br><br>BLUSH MARK INC., a Delaware corporation, and BLUSH MARK OUTFITTERS INC., a California corporation,<br><br>               Defendants. | Case No. 2:22-cv-6127<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VIOLATIONS OF 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Fashion Nova, LLC ("Fashion Nova"), for its complaint against Defendants Blush Mark Inc. and Blush Mark Outfitters Inc. (collectively, "Blush Mark") alleges as follows:

## INTRODUCTION

1. This is an action in law and equity for violations of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

2. Fashion Nova, based in Los Angeles, is a global fashion brand and

leader in the fast-fashion and e-commerce apparel industries.  Adhering to the mantra that women of all colors and sizes can wear sexy, body-conscious clothing, Fashion Nova is a highly popular and successful business with (i) a dynamic consumer website located at www.FashionNova.com with hundreds of thousands of product offerings that are updated daily; and (ii) social media feeds updated hourly on leading social media platforms Facebook, Instagram, TikTok and YouTube.

3.      Fashion Nova brings this action against Blush Mark, a fast fashion competitor.  As alleged herein, Blush Mark has intentionally and wrongfully stolen Fashion Nova's valuable product images and is using them on its website to market and sell products that directly compete with the very same Fashion Nova products depicted in those product images.  By this action, Fashion Nova seeks: (i) injunctive relief to stop Blush Mark's willful and knowing infringement and violation of Fashion Nova's rights; (ii) a damages award to compensate Fashion Nova for the diversion of sales and damage to its business by Blush Mark's illicit activities; and (iii) a further award of Blush Mark's ill-gotten profits and benefits earned at Fashion Nova's expense.

## JURISDICTION AND VENUE

4.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

COMPLAINT

5.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

6.     Venue in this judicial district is proper under 28 U.S.C §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

7.     Plaintiff Fashion Nova is a California limited liability company with a principal place of business of 2801 E. 46th Street, Vernon, California, 90058.

8.     Upon information, Defendant Blush Mark Inc. is a Delaware corporation with a principal place of business of 445 S. Figueroa Street, Suite 2920, Los Angeles, California, 90071.

9.     Upon information, Defendant Blush Mark Outfitters Inc. is a California corporation with a principal place of business of 445 S. Figueroa Street, Suite 2920, Los Angeles, California, 90071.

## FACTS COMMON TO ALL COUNTS

I.     **Fashion Nova & Its Industry-Leading Fast-Fashion Business**

10.     Fashion Nova was established in 2006 with a single retail mall store in the San Fernando Valley in Los Angeles, California, and over the years has grown to six retail stores in shopping malls located throughout Southern California.

COMPLAINT

11.     Fashion Nova launched the www.FashionNova.com e-commerce site (the "Fashion Nova Website") in 2013.  Through this dynamic e-commerce website, Fashion Nova markets and sells a diverse range of lifestyle clothing and accessories for men, women, and children, with as many as 200,000 different styles offered for sale, including over 1,000 new styles per week, and up to several hundred new styles per day, with price points generally within the $10-$50 range.

12.     Fashion Nova has exhibited explosive growth since the launch of the e-commerce website in 2013. The company's Fashion Nova Website now ranks as one of the most viewed fashion sites in the United States.

13.     In particular, the creation and growth of social media apps like Facebook® and Instagram® spurred Fashion Nova's consumer reach and catapulted its ongoing sales growth. Fashion Nova has a strong social media following with 21 million followers on Instagram, 3 million followers on Facebook and 3.6 million followers on TikTok. Fashion Nova's customers became models and social media became Fashion Nova's fresh and ever-changing fashion runway.  In 2018 and 2019, Fashion Nova was the #1 most searched fashion label on Google. Fashion Nova was one of the most popular brands on YouTube.com in 2020, with over one thousand different channels and 61 million views.

14.     As a result of its substantial marketing and sales growth since 2013, Fashion Nova is now one of the most well-known apparel and e-commerce

COMPLAINT

companies in the United States, and the company is growing in popularity internationally through increased sales in key territories throughout the world.

## II.    Fashion Nova's Valuable Copyrighted Photographs

15.    Fashion Nova's e-commerce website and social media pages are highly image-driven, displaying visually appealing, striking photographic images and videos of its products, which all serve to drive consumer awareness and product purchases.

16.    Likewise, social media influencers engaged by Fashion Nova market and promote Fashion Nova's products on their social media pages by displaying and distributing visually appealing, striking photographic images and videos of themselves wearing or using Fashion Nova's products – which, again, serve to attract consumer interest and, ultimately, purchases of Fashion Nova's products.

17.    In connection with its above-described strategies and activities, Fashion Nova creates and licenses photographic images of its products, which it displays, distributes, and uses on the Fashion Nova Website and Fashion Nova's social media pages to advertise, market, promote their product offerings to the public.  Fashion Nova invests substantial time, money, and resources to create and develop imagery for its vast array of product offerings.

18.    The product images displayed, distributed, and used on the Fashion Nova Website and Fashion Nova's social media pages are accompanied by Fashion Nova's name, logo, identifying handle @fashionnova, and/or the name,

COMPLAINT

logo, or identifying handle of a Fashion Nova sub-brand conveyed in connection with, in the area around and in close proximity to, such product images, which identify Fashion Nova as the copyright-owner, source, and/or rights-owner of such images.

19.   The product images displayed, distributed, and used on the Fashion Nova Website are accompanied by the name of the Fashion Nova products depicted in such images conveyed in connection with, in the area around and in close proximity to, such product images, which identify such images as depicting Fashion Nova products and as created, owned, and/or licensed by Fashion Nova.

20.   The product images displayed, distributed, and used on the Fashion Nova Website are each assigned file names by Fashion Nova, which are conveyed in connection with the product images and serve to identify, and provide identifying information for, the product images.

21.   Most of the product images used on the Fashion Nova Website are created by employees within the scope of their employment with Fashion Nova on a work-for-hire basis, while some are assigned to Fashion Nova by their photographer-creators after their creation, and others are licensed to Fashion Nova by influencers engaged by Fashion Nova, often on an exclusive basis.

22.   The Fashion Nova product images presently in suit on Fashion Nova's copyright infringement cause of action against Blush Mark in this action

COMPLAINT

are reproduced hereto at **Exhibit A** (collectively, the "Images At Issue", and each individually an "Image At Issue").

23.     Fashion Nova owns exclusive copyright rights in and to each of the Images At Issue, either by way of ownership upon their creation on a work-for-hire basis, or by way of copyright assignments or exclusive licenses to Fashion Nova from the original photographer-creators/copyright-owners.

24.     Fashion Nova has secured valid and subsisting U.S. Copyright Registrations covering the Images At Issue issued by the U.S. Copyright Office, under U.S. Copyright Registration Nos. VA 2-308-359, VA 2-308-362, VA 2-308-364, VA 2-313-515, VA 2-313-581, VA 2-313-726, VA 2-313-728, VA 2-313-730, VA 2-316-028, VA 2-316-029, and VA 2-316-030.

**III.    Blush Mark & Its Fast Fashion Business**

25.     Defendant, Blush Mark, is a competitor of Fashion Nova in the fast-fashion and e-commerce apparel industries.

26.     Upon information and belief, Blush Mark has pursued a business model that replicates Fashion Nova's successful business model that has led Fashion Nova to be the "fast fashion" industry leader.

27.     Upon information and belief, Blush Mark – like Fashion Nova – primarily markets its products on an image-driven e-commerce website, www.blushmark.com (the "Blush Mark Website"), where it displays product images in connection with its product listings in an effort to attract customers to

7                                              COMPLAINT

purchase the products with which such images are used.  And, upon information and belief, Blush Mark – like Fashion Nova – also operates pages on social media platforms, and engages with social media influencers, to market and promote its product offerings.

28.     Blush Mark's products are the same as and highly similar to Fashion Nova's products, targeted to the same customers, and sold at comparable price points.  In short, Blush Mark and its products directly compete with Fashion Nova.

**IV.     Blush Mark's Continuing, Willful Violations of Fashion Nova's Copyright Rights**

29.     Upon information and belief, at all relevant times, Blush Mark has owned and operated the Blush Mark Website, and has been responsible for all of the content – including, without limitation, all of the photographic images – reproduced, distributed, and publicly displayed on the Blush Mark Website.

30.     Blush Mark willfully infringed Fashion Nova's copyright rights in and to the Images At Issue by reproducing and/or creating derivative works based upon the Images At Issue, and by reproducing, distributing, and publicly displaying such reproductions of and/or derivative works based upon the Images At Issue on the Blush Mark Website, all without valid license or authorization from Fashion Nova.

31.     Blush Mark engaged in its infringing uses of the Images At Issue for the purpose of marketing, advertising, promoting, offering, and selling products that directly compete with Fashion Nova's products, with the intention of

COMPLAINT

obtaining an unfair business advantage against Fashion Nova and avoiding the investment of time, money and resources that would otherwise be necessary to develop and create its own product imagery.

32.    Blush Mark has never been licensed, authorized, or given permission to engage in any use of any of the Images At Issue.

33.    Blush Mark has no good-faith reason to believe that its use of the Images At Issue was licensed or authorized.  Accordingly, Blush Mark knew or should have known that its use of the Images At Issue constitute copyright infringement.

34.    Upon information and belief, Blush Mark accessed and obtained the Images At Issue, and other product images owned and/or exclusively licensed by Fashion Nova, by downloading digital copies thereof from the Fashion Nova Website.

35.    Upon information and belief, the digital copies of product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) accessed and obtained by Blush Mark from the Fashion Nova Website were identified by file names assigned to them by Fashion Nova, which are conveyed in connection with such images, and which identified and set forth identifying information for such images reproduced in such digital copies.

36.    After downloading digital copies of product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At

COMPLAINT

Issue) from the Fashion Nova Website, Blush Mark intentionally, and without the knowledge or consent of Fashion Nova, removed the file names assigned to and conveyed in connection with such images by Fashion Nova, knowing and/or having reasonable grounds to know that such removal would enable, facilitate, or conceal Blush Mark's infringement of Fashion Nova's copyright rights in and to such images.

37.     After downloading digital copies of product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) from the Fashion Nova Website, Blush Mark intentionally, and without the knowledge or consent of Fashion Nova, altered the file names assigned to such images by Fashion Nova to instead identify them by file names assigned by Blush Mark which they conveyed in connection with their infringing use of such images, knowing and/or having reasonable grounds to know that such alteration would enable, facilitate, or conceal Blush Mark's infringement of Fashion Nova's copyright rights in and to such images.

38.     After downloading digital copies of product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) from the Fashion Nova Website, Blush Mark intentionally, and without the knowledge or consent of Fashion Nova, falsified the file names assigned to such images to identify them by file names assigned by Blush Mark which they conveyed in connection with their infringing use of such images, knowingly and

COMPLAINT

with the intent to enable, facilitate, and/or conceal Blush Mark's infringement of Fashion Nova's copyright rights in and to such images.

39.    Blush Mark knowingly, without the knowledge or consent of Fashion Nova, and with the intent to enable, facilitate, and/or conceal Blush Mark's infringement of Fashion Nova's copyright rights in and to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), provided and distributed unauthorized copies of such images on the Blush Mark Website with the file names assigned to and conveyed in connection with such images by Fashion Nova removed.

40.    Blush Mark knowingly, without the knowledge or consent of Fashion Nova, and with the intent to enable, facilitate, and/or conceal Blush Mark's infringement of Fashion Nova's rights in and to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), provided and distributed unauthorized copies of such images on the Blush Mark Website with altered and falsified file names conveyed in connection therewith.

41.    At all relevant times, all web pages on the Fashion Nova Website displaying product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) conveyed Fashion Nova's name and/or logo in connection with, in the area around and in close proximity to,

COMPLAINT

such images, identifying Fashion Nova as the copyright-owner, source, and/or rights-holder of such images.

42.     At all relevant times, each web page on the Fashion Nova Website displaying product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) conveyed a Fashion Nova product name in connection with, in the area around and in close proximity to, each such image, identifying the Fashion Nova product depicted in each such image and identifying such image as created, owned, and/or licensed by Fashion Nova.

43.     Blush Mark intentionally and knowingly, and without the knowledge or consent of Fashion Nova, removed Fashion Nova's name and/or logo conveyed in connection with, in the area around and in close proximity to, product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) on the web pages of the Fashion Nova Website from which Blush Mark accessed and obtained copies of such images, and reproduced and distributed such images on the Blush Mark Website with Fashion Nova's name and/or logo removed, knowing and/or having reasonable grounds to know that such removal would enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to such images.

44.     Blush Mark intentionally and knowingly, and without the knowledge or consent of Fashion Nova, removed the Fashion Nova product names conveyed

COMPLAINT

in connection with, in the area around and in close proximity to, product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) on the web pages of the Fashion Nova Website from which Blush Mark accessed and obtained copies of such images, and reproduced and distributed such images on the Blush Mark Website with the Fashion Nova product names removed, knowing and/or having reasonable grounds to know that such removal would enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to such images.

45.     Blush Mark knowingly and with the intent to enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), conveyed its company name and/or logo in connection with, in the area around and in close proximity to, unauthorized reproductions of and/or derivative works based upon such images distributed and/or publicly displayed by Blush Mark on the Blush Mark Website, thereby falsely identifying itself as the copyright-owner, source, and/or rights-holder of such images , knowing and/or having reasonable grounds to know that such falsification would enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to such images.

46.     Blush Mark knowingly and with the intent to enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to product

images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), conveyed Blush Mark product names in connection with, in the area around and in close proximity to, unauthorized reproductions of and/or derivative works based upon such images distributed and/or publicly displayed by Blush Mark on the Blush Mark Website, thereby falsely identifying those reproductions of and/or derivative works based upon such images as depicting Blush Mark products, knowing and/or having reasonable grounds to know that such falsification would enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to such images.

47.     Representative exemplars of a web page on the Fashion Nova Website displaying an Image At Issue and a web page on the Blush Mark Website displaying an infringing copy of such Image At Issue, evidencing Blush Mark's removal of Fashion Nova's name, logo, and product name conveyed in connection with the Image At Issue on Fashion Nova Website, and conveying of its own name, logo, and product name in connection with Blush Mark's infringing use of the Image At Issue on the Blush Mark Website, are shown below:

COMPLAINT

1
2
3
4
5
6
7
8



9    48.    In or about July 2021, Fashion Nova, through counsel, sent a letter to

10   Blush Mark demanding that it cease and desist unauthorized use of Fashion

11   Nova's product images.  Thereafter, Blush Mark removed a number of Fashion

12   Nova's product images from the Blush Mark Website.  However, Blush Mark has

13   since made infringing use of the Images At Issue on the Blush Mark Website, and

14   continues to do so with respect to many of the Images At Issue.  Accordingly,

15   Fashion Nova requires this Court's intervention to put a stop to Blush Mark's

16   continued willful infringements of Fashion Nova's copyrights and vindicate its

17   legal rights under the U.S. Copyright Act.

18   49.    Fashion Nova has complied in all respects with Title 17 of the United

19   States Code, secured the exclusive rights and privileges to the Images At Issue,

20   and obtained the appropriate certificates of copyright registration.

21
22                                        15                        COMPLAINT
23

50.    Blush Mark engaged in its illicit uses of the Images At Issue forming the basis of this Complaint with knowledge of and reckless disregard for Fashion Nova's rights, and knew and/or should have known that its unauthorized uses of the Images At Issue constitute violations of the copyright laws of the United States.

51.    Blush Mark purposefully reproduced, distributed, and publicly displayed unauthorized reproductions of and/or derivative works based upon the Images At Issue on the Blush Mark Website with the intention of unfairly inducing customers to purchase products from Blush Mark, thereby diverting sales to itself that would otherwise have been realized by Fashion Nova for the products depicted in the Images At Issue.

**52.**    Blush Mark engaged in its illicit use of the Images At Issue for the purpose of profiting and benefiting therefrom.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement**

53.    Fashion Nova repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

54.    Fashion Nova owns exclusive copyright rights in and to each of the Images At Issue.

55.    The Images At Issue are original, copyrightable works of authorship and constitute copyrightable subject matter.

COMPLAINT

56.  Fashion Nova has complied in all respects with Title 17 of the United States Code, including obtaining certificates of copyright registration for the Images At Issue.

57.  Blush Mark has not been validly licensed, authorized, or given permission to engage in the uses of the Images At Issue forming the basis of this Complaint.

58.  Without permission or authorization from Fashion Nova, Blush Mark reproduced, modified, distributed, and publicly displayed the Images At Issue. Blush Mark's reproduction, modification, distribution, and public display of the Images At Issue violate Fashion Nova's exclusive rights under the U.S. Copyright Act, 17 U.S.C. § 106, and constitute willful infringement of Fashion Nova's copyright rights in and to the Images At Issue.

59.  At all times relevant hereto, Blush Mark had knowledge of the copyright infringements alleged herein, and knowingly and willfully carried out its infringing activities and continues to do so despite being aware of Fashion Nova's rights in and to the Images At Issue.

60.  As a direct and proximate result of Blush Mark's aforementioned infringing acts, Fashion Nova has suffered and will continue to suffer considerable harm, including but not limited to loss of sales, profits, and benefits, in an amount to be proven at trial.

17                                                              COMPLAINT

61.    As a direct and proximate result of Blush Mark's aforementioned infringing acts, Blush Mark has obtained, and continues to obtain, direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

62.    Fashion Nova has no adequate remedy at law.  Blush Mark's aforementioned infringing acts are ongoing, and have caused and, if not enjoined, will continue to cause, irreparable harm to Fashion Nova.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**Copyright Management Information Violations**</u>

63.    Fashion Nova repeats and reincorporates the allegations contained in the preceding paragraphs as though set forth in full herein.

64.    Blush Mark violated 17 U.S.C. § 1202 (a) & (b) by intentionally removing without the authority of the copyright owner copyright management information for the product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), by intentionally distributing copies of such images knowing that the copyright management information has been removed without the authority of the copyright owner, and by intentionally providing and distributing copyright management information that is false and/or altered with respect to such images, all knowing and/or having reasonable grounds to know that such acts would enable, facilitate, and/or conceal copyright infringement of such images.

18                          COMPLAINT

65.     Blush Mark violated 17 U.S.C. § 1202(b) by intentionally removing copyright management information in the form of the file names of the digital files for product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) accessed and obtained by Blush Mark from the Fashion Nova Website, knowing or having reasonable grounds to know that such removal would enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to such images.

66.     Blush Mark violated 17 U.S.C. § 1202(b) by knowingly, intentionally, and with the intent to enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), altering and/or falsifying copyright management information in the form of the file names of the digital files for such images accessed and obtained by Blush Mark from the Fashion Nova Website, and distributing copies of such images with such copyright management information altered and/or falsified, knowing or having reasonable grounds to know that such alteration and/or falsification would enable, facilitate, or conceal its infringement of Fashion Nova's copyright rights in and to such images.

67.     Blush Mark violated 17 U.S.C. § 1202(b) by intentionally removing copyright management information identifying Fashion Nova as the copyright owner, source, and/or rights-holder of product images owned and/or exclusively

19                                              COMPLAINT

licensed by Fashion Nova (including, but not limited to, the Images At Issue)

conveyed in connection with, in the area around and in close proximity to such

images where they were accessed and obtained by Blush Mark on the Fashion

Nova Website, knowing or having reasonable grounds to know that such removal

would enable, facilitate, or conceal its infringement of Fashion Nova's copyright

rights in and to such images.

68.   Blush Mark violated 17 U.S.C. § 1202(b) by intentionally removing

copyright management information identifying product images owned and/or

exclusively licensed by Fashion Nova (including, but not limited to, the Images At

Issue) as depicting Fashion Nova products conveyed in connection with, in the

area around and in close proximity to such images where they were accessed and

obtained by Blush Mark on the Fashion Nova Website, knowing or having

reasonable grounds to know that such removal would enable, facilitate, or conceal

its infringement of Fashion Nova's copyright rights in and to such images.

69.   Blush Mark violated 17 U.S.C. § 1202(a) by, knowingly and with the

intent to enable, facilitate, or conceal its infringement of Fashion Nova's copyright

rights in and to product images owned and/or exclusively licensed by Fashion

Nova (including, but not limited to, the Images At Issue), conveying its own

company name and/or logo in connection with, in the area around and in close

proximity to, unauthorized reproductions of and/or derivative works based upon

such images distributed and/or publicly displayed by Blush Mark on the Blush

COMPLAINT

Mark Website, thereby falsely identifying itself as the copyright-owner and/or

source of such images and/or falsely representing that it possesses copyright rights

in such images, knowing or having reasonable grounds to know that such

falsification would enable, facilitate, or conceal its infringement of Fashion

Nova's copyright rights in and to such images.

70.     Blush Mark violated 17 U.S.C. § 1202(a) by, knowingly and with the

intent to enable, facilitate, or conceal its infringement of Fashion Nova's copyright

rights in and to product images owned and/or exclusively licensed by Fashion

Nova (including, but not limited to, the Images At Issue), conveying Blush Mark

product names in connection with, in the area around and in close proximity to,

unauthorized reproductions of and/or derivative works based upon such images

distributed and/or publicly displayed by Blush Mark on the Blush Mark Website,

thereby falsely identifying those reproductions of and/or derivative works based

upon such images as depicting Blush Mark products, knowing or having

reasonable grounds to know that such falsification would enable, facilitate, or

conceal its infringement of Fashion Nova's copyright rights in and to such images.

71.     Blush Mark's aforementioned activities in violation of 17 U.S.C. §

1202 were willful, reckless, and/or with knowledge, and carried out knowing and

intending that its actions would induce, enable, facilitate, and/or conceal

infringement of Fashion Nova's copyright rights.

COMPLAINT

72.     As a direct and proximate result of Blush Mark's aforementioned illicit acts, Fashion Nova suffered and will continue to suffer considerable harm in an amount to be proven at trial.

73.     As a direct and proximate result of Blush Mark's aforementioned illicit acts, Blush Mark has obtained, and continues to obtain, direct and indirect profits it would not otherwise have realized, in an amount to be proven at trial.

74.     Fashion Nova has no adequate remedy at law.  Blush Mark's aforementioned illicit acts are ongoing, and have caused and, if not enjoined, will continue to cause, irreparable harm to Fashion Nova.

COMPLAINT

## **PRAYER FOR RELIEF**

**WHEREFORE**, Fashion Nova respectfully requests that the Court enter judgment against Blush Mark, finding that Blush Mark has infringed Fashion Nova's copyright rights in and to the Images At Issue in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq.*, and removed copyright management information and/or provided and/or distributed false copyright management information in violation of the U.S. Copyright Act, 17 U.S.C. § 1202 *et seq.*, and awarding Fashion Nova monetary and injunctive relief as follows:

A.      All damages sustained by Fashion Nova as a result of Blush Mark's infringements of Fashion Nova's copyright rights in and to the Images At Issue, as well as all gains, profits, and advantages realized by Blush Mark from said infringements, in amounts to be proven at trial and all increased to the maximum extent permitted by law;

B.      All damages sustained by Fashion Nova as a result of Blush Mark's violations under 17 U.S.C § 1202 *et seq.* of Fashion Nova's rights in and to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), as well as all gains, profits, and advantages realized by Blush Mark from said violations, in amounts to be proven at trial and all increased to the maximum extent permitted by law; or in the alternative, at Fashion Nova's election prior to entry of final judgment, statutory

COMPLAINT

damages pursuant to 17 U.S.C. § 1203(c)(3), increased to the maximum extent permitted by law;

C.     A permanent injunction pursuant to 17 U.S.C. § 502 enjoining Blush Mark as well as its agents, servants, employees, representatives, parent companies, subsidiaries, successors and assigns, as well as all persons, firms, and corporations in active concert or participation with any of them, from directly or indirectly infringing Fashion Nova's rights in and to the Images At Issue;

D.     A permanent injunction pursuant to 17 U.S.C. § 1203(b)(1) enjoining Blush Mark as well as its agents, servants, employees, representatives, parent companies, subsidiaries, successors and assigns, as well as all persons, firms, and corporations in active concert or participation with any of them, from providing or distributing false copyright management information with respect to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), removing or altering copyright management information with respect to product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue), and/or distributing copies of product images owned and/or exclusively licensed by Fashion Nova (including, but not limited to, the Images At Issue) with removed or altered copyright management information;

E.     Fashion Nova's reasonable attorneys' fees and costs to the extent they are available under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*,

COMPLAINT

F.    Prejudgment interest as allowed by law;

G.    Fashion Nova's costs of this action; and,

H.    Such other and further relief that the Court determines to be just and proper.

COMPLAINT

1

## **JURY DEMAND**

2

Fashion Nova respectfully demands a trial by jury of all claims and issues

3

so triable.

4

Dated:      August 29, 2022

5

6

Respectfully submitted,

7

8

John F. Olsen, Esq. (157465)
jolsen@FIPLawGroup.com

9

FERDINAND IP, LLP
2500 Broadway, Building F, Suite F-125

10

Santa Monica, CA 90404
Phone: (858) 412-4515

11

12

*Counsel for Plaintiff,*
*Fashion Nova, LLC*

13

14

15

16

17

18

19

20

21

22

26                                    COMPLAINT