'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FASHION NOVA, LLC,

      Plaintiff,

  v.

BLUSH MARK, INC., ET AL.,

      Defendants.

CV 22-6127-RSWL-RAOx

**ORDER re: MOTION TO DISMISS** [17]

    Plaintiff Fashion Nova, LLC, ("Plaintiff") brought the instant Action against Defendants Blush Mark, Inc. ("Defendant Blush Mark") and Blush Mark Outfitters, Inc. (collectively, "Defendants") alleging that Defendants infringed on Fashion Nova's copyrights and violated 17 U.S.C. §§ 1202(a) and (b) of the Digital Millennium Copyright Act by intentionally removing copyright management information ("CMI") from Plaintiff's works. Currently before the Court is Defendants' Motion to

1

Dismiss [17].

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Dismiss **with leave to amend.**

## I.   BACKGROUND

## A.   Factual Background

Plaintiff and Defendants are fashion brands that compete with one another.  First Am. Compl. ("FAC") at ¶ 25, ECF No. 9.  Both parties market themselves and sell their products through their respective e-commerce websites.  Id. at ¶ 27.

Plaintiff alleges that Defendants willfully infringed on Plaintiff's copyrights in various product images displayed on Plaintiff's website and removed/altered the CMI identifying those images in violation of 17 U.S.C. §§ 1202(a) & (b).  Id. at ¶¶ 30, 35-37; see generally FAC, Ex. A, ECF No. 9-1. Specifically, Plaintiff alleges that Defendants intentionally and wrongfully stole Plaintiff's product images from Plaintiff's website and then used those images on Defendants' website to market and sell their competing products.  FAC ¶ 3.  Plaintiff asserts that its product images are accompanied by Plaintiff's name and logo that identify Plaintiff as the owner of the copyrights in those images.  Id. at ¶ 18.  Moreover, Plaintiff states that it assigns identifying file names to these product images.  Id. at ¶ 20.

Plaintiff contends that after Defendants downloaded digital copies of the product images, they removed the file names assigned to the images and proceeded to distribute the product images with Defendants' company name and/or logo so as to falsely identify themselves as the copyright owner.  Id. ¶¶ 43-45.  Plaintiff sent a cease-and-desist letter to Defendant Blush Mark demanding it stop the unauthorized use of Plaintiff's product images.  Id. ¶ 48.  Defendants, however, allegedly continued to infringe on Plaintiff's product images.  Id. ¶¶ 36-38.

Plaintiff thus seeks (1) injunctive relief; (2) a damages award to compensate Plaintiff for the diversion of sales and damage to its business by Defendants' illicit activities; and (3) an award of Defendants' ill-gotten profits and benefits.  Id. ¶ 3.

**B.  Procedural Background**

Plaintiff filed its Complaint [1] on August 29, 2022, and later filed an FAC [9] on September 7, 2022. Defendants filed the instant Motion to Dismiss [17] on December 12, 2022.  Plaintiff opposed [24] the Motion on January 5, 2023, and Defendants replied [25] on January 17, 2023.

## II.   DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which

3

relief can be granted.  A complaint must "contain
sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation
omitted).  Dismissal is warranted for a "lack of a
cognizable legal theory or the absence of sufficient
facts alleged under a cognizable legal theory."
Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699
(9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may
generally consider only allegations contained in the
pleadings, exhibits attached to the complaint, and
matters properly subject to judicial notice.  Swartz v.
KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); see also
White v. Mayflower Transit, LLC, 481 F. Supp. 2d 1105,
1107 (C.D. Cal 2007), aff'd sub nom. White v. Mayflower
Transit, L.L.C., 543 F.3d 581 (9th Cir. 2008). ("unless
a court converts a Rule 12(b)(6) motion into a motion
for summary judgment, a court cannot consider material
outside of the complaint (e.g., facts presented in
briefs, affidavits, or discovery materials")).  A court
must presume all factual allegations of the complaint to
be true and draw all reasonable inferences in favor of
the non-moving party.  Klarfeld v. United States, 944
F.2d 583, 585 (9th Cir. 1991).  "[T]he issue is not
whether a plaintiff will ultimately prevail but whether
the claimant is entitled to offer evidence to support
the claims."  Jackson v. Birmingham Bd. of Educ.,

544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B.   Discussion**

    1.   Motion to Dismiss[1]

    Section 1202(a) of the DMCA provides that "no person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement (1) to provide [CMI] that is false; or (2) distribute or import

---

[1] Plaintiff requests the Court take judicial notice of four documents: (1) the complaint filed in Kirk Kara Corp. v. Western Stone & Metal Corp., 2:20-cv-01931-DMG-E(C.D. Cal.); (2) the first amended complaint filed in O'Neal v. Sideshows, Inc., 2:21-cv-07735-DSF-PLA (C.D. Cal.); (3) the second amended complaint filed in Crowley v. Jones, 1:21-cv-05483-PKC (S.D.N.Y.); and (4) Plaintiff's copyright registrations in the images at issue in this Action.  Opp'n at 4:19-24, see also Opp'n, Exs. 1-4, ECF Nos. 24-2, 24-3, 24-4, 24-5.  Since the Court does not rely on the proffered case filings to resolve the instant Motion, the Court deems Plaintiff's request for judicial notice of those court filings moot and thus **DENIED**.  Since copyright registrations are properly subject to judicial notice, the Court **GRANTS** Plaintiff's request and judicially notices the proffered registrations.  See Idema v. Dreamworks, Inc., 90 F. App'x 496, 498 (9th Cir. 2003), as amended on denial of reh'g (Mar. 9, 2004) (holding that copyright registrations are the sort of document as to which judicial notice is appropriate).

for distribution [CMI] that is false."  17 U.S.C.
§ 1202(a).  Next, Section 1202(b) of the DMCA states
that no person shall knowingly and intentionally remove,
alter, and distribute [CMI] in a way that will induce,
enable, facilitate, or conceal an infringement without
the authority of the copyright owner or the law.
17 U.S.C. § 1202(b).

Defendants contend that Plaintiff has not
adequately pled that its images had CMI, and therefore
does not state a claim for violation of 17 U.S.C.
§§ 1202(a) or (b).  See generally Mot.  Plaintiff
counters that the images' file names and Plaintiff's
company name, logos, and product names on its website
constitute CMI.  Opp'n. at 6:4-10, 7:18-24.  Defendant,
however, argues that the file names and website
information are not CMI because: (1) the FAC does not
include what the file names for these photographs were,
and so cannot demonstrate that the file names contain
any of the information listed under 17 U.S.C.
§§ 1202(c)(1)-(8); and (2) Plaintiff's company name and
logo on its web page is not "on or near" the images, and
nothing on Plaintiff's website indicates that Plaintiff
owns the copyright on the images.  Mot. 1:6-23.  The
Court addresses each assertion in turn.

Section 1202(c) defines CMI to include the
following: "[the] title and other information
identifying the work, including the information set
forth on a notice of copyright;" "[the] name of, and

other identifying information about, the author of a work;" and "[the] name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."  17 U.S.C. § 1202(c).

District courts have found information to constitute CMI in a wide variety of formats.  See, e.g., McGucken v. Chive Media Grp., LLC, No. 18-cv-01612-RSWL, 2018 WL 3410095, at *4 (C.D. Cal. July 11, 2018) (watermarks identifying author and owner constitute CMI); Iconics, Inc. v. Massaro, 192 F. Supp. 3d 254, 272 (D. Mass. 2016) ("[C]opyright headers are paradigmatic CMI."); Agence Fr. Presse v. Morel, 769 F. Supp. 2d 295, 306 (S.D.N.Y. 2011) (notations containing author and copyright owner's name constitutes CMI).  But district courts have declined to find CMI when information at issue differed from information in the copyright registration.  See, e.g., Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc., 975 F. Supp. 2d 920, 928 (N.D. Ill. 2013) (poem titles were not CMI because they did not match the titles of the works on the copyright registrations).

In short, "the point of CMI is to inform the public that something is copyrighted and to prevent infringement."  Id. (citation omitted); cf. MDY Indus., LLC v. Blizzard Ent., Inc., 629 F.3d 928, 942 (9th Cir. 2010) ("In enacting the DMCA, Congress sought to mitigate the problems presented by copyright enforcement

in the digital age."). Thus, although files names do
not automatically fall within the scope of the DMCA,
they are protected by § 1202 when they include relevant
identifying information. For example, in Izmo, Inc. v.
Roadster, Inc., the court found that the plaintiff
adequately showed that file names constituted CMI
because it alleged that the file names of the images at
issue were "the file name[s] of [the] original Izmo
Image[s] filed and/or registered with the U.S. Copyright
Office." No. 18-CV-06092-NC, 2019 WL 13210561, at *3
(N.D. Cal. Mar. 26, 2019). There, the file names were
CMI because they identified works in question and
directly linked the photographs to the copyright
registrations. Id.

    Similarly, courts find that information on a
website cannot serve as CMI where it is not conveyed
with the work so as to provide the viewer with proper
notice that the work is copyrighted. See
SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona,
Inc., 344 F. Supp. 3d 1075, 1082 (D. Ariz. 2018), aff'd,
804 F. App'x 668 (9th Cir. 2020). For instance, in
SellPoolSuppliesOnline.com, the court held that a
copyright notice located on the bottom of a webpage was
not CMI because it was "not in the body of, or around,
the work at issue, the photographs, and so it was not
'conveyed in connection with' the work in a way that
makes the information CMI." Id. Indeed, courts in this
district tend to find that information is conveyed in

8

connection with a work, and therefore constitutes CMI,
when the information is actually on or directly abutting
the work.  See, e.g., Williams v. Cavalli, No. CV 14-
06659-AB JEMX, 2015 WL 1247065, at *2 (C.D.
Cal. Feb. 12, 2015) (stating that signatures that
appeared within a mural "necessarily were conveyed in
connection the display of the mural" and constituted
CMI); Pac. Studios Inc. v. W. Coast Backing Inc.,
No. 2:12-cv-00692-JHN-JCG, 2012 WL 12887637, at *2-3
(C.D. Cal. Apr. 18, 2012) (concluding that an
alphanumeric designation on the border of an online
image for purposes of identification was CMI).

     Here, Plaintiff alleged in its FAC that the file
names identified each of its product images.  FAC ¶ 35.
In contrast to Izmo, however, Plaintiff failed to allege
that the file names link the images to their copyright
registrations or provide notice that the images are
copyrighted.  The point of CMI is to provide the public
with notice that a work is copyrighted.  See Pers.
Keepsakes, Inc., 975 F. Supp. 2d at 928.  Consequently,
merely pleading that the file names identify the images
does not show that such file names would put a viewer on
notice that the works are copyrighted.  Thus, Plaintiff
has not adequately shown that the files names are CMI.

     Plaintiff's company name and logo appear to be
located at the top of Plaintiff's website.  Accordingly,
just as in SellPoolSuppliesOnline.com, the company name
and logo are not conveyed in connection with the

relevant images and therefore are not CMI.  And product
names alone are not CMI, as they do not reveal to the
viewer that the images are copyrighted.  See Fischer v.
Forrest, 968 F.3d 216, 219 (2d Cir. 2020) (holding that
removal of a product name did not constitute removal of
CMI).

In sum, Plaintiff has not shown that the images'
file names or the company name, logo, or product names
on Plaintiff's website are CMI.  Therefore, Plaintiff
has not stated a claim for violation of section 1202 and
the Court should **GRANT** Defendant's Motion to Dismiss.

    2.  Leave to Amend

"Where a motion to dismiss is granted, a district
court must decide whether to grant leave to amend."
Winebarger v. Pennsylvania Higher Educ. Assistance
Agency, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019).
"The court should give leave [to amend] freely when
justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the
Ninth Circuit, "Rule 15's policy of favoring amendments
to pleadings should be applied with 'extreme
liberality.'"  United States v. Webb, 655 F.2d 977, 979
(9th Cir. 1981).  Against this extremely liberal
standard, the Court may consider "the presence of any of
four factors: bad faith, undue delay, prejudice to the
opposing party, and/or futility."  Owens v. Kaiser
Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.
2001).

Here, leave to amend Plaintiff's claims should be

granted because Plaintiff can cure its Complaint by
pleading additional facts that support its claims.
There is no evidence of bad faith or undue delay by
Plaintiff, or potential prejudice to Defendant by
allowing amendment.  The Court therefore **GRANTS**
Defendants' Motion to Dismiss **with leave to amend.**

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS**
Defendant's Motion to Dismiss **with leave to amend.**

**IT IS SO ORDERED.**

DATED: March 15, 2023          /S/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge

11